**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARK STINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-02694-SHM-tmp |
| v. | ) | |
| | ) | |
| JUDGE JOHN T. FOWLKES, JR., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE (ECF NO. 1);**
**GRANTING LEAVE TO AMEND;**
**DENYING PETITION FOR WRIT OF MANDAMUS (ECF NO. 6);**
**AND DENYING PENDING MOTIONS (ECF NOS. 8 & 9)**

On October 11, 2022, Plaintiff Mark Stinson filed (1) a *pro se* complaint alleging claims under 28 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) (ECF No. 1 (the "Complaint")); and (2) a motion to proceed *in forma pauperis* (ECF No. 2). When Stinson filed the Complaint, he was assigned to probation in Memphis, Tennessee. (ECF No. 1 at PageID 2.) On October 26, 2022, Stinson filed a petition for writ of mandamus with the Sixth Circuit. (ECF No. 5 (*see id*. at PageID 28 (seeking to have this Court "serve the summons on the [D]efendants and perform all duties").) On October 27, 2022, Stinson petitioned for a writ of mandamus. (ECF No. 6 (the "Petition").) On October 28, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 7.) On October 31, 2022, Stinson filed a motion to submit affidavit. (ECF No. 8 (the "Affidavit Motion").) On December 1, 2022, Stinson filed a motion for summons. (ECF No. 9 (the "Summons Motion").)

The Complaint, the Petition, the Affidavit Motion, and the Summons Motion are before the Court.

The Complaint alleges various constitutional deprivations related to Stinson's criminal trial that he alleged previously in (1) *Stinson v. Judge John T. Fowlkes, Jr., et al.*, No. 19-2867 (W.D. Tenn.) (ECF No. 1 at PageID 4-9); (2) *Stinson v. Judge John T. Fowlkes, Jr., et al.*, No. 21-2128 (W.D. Tenn.) (ECF No. 1 at PageID 3 & 6-7); and (3) *Stinson v. Judge John T. Fowlkes, Jr., et al.*, No. 21-2148 (W.D. Tenn.) (ECF No. 1 at PageID 5-9); *see also* No. 22-2694, ECF No. 1 at PageID 7-10 (re-alleging claims of malicious prosecution, false arrest, false imprisonment, conspiracy, fraud, "malicious aggravated pain", suffering, "mental anguish on the [P]laintiff and his family", "malicious aggravated loss of liberty", and "malicious aggravated defamation of character" (the "Ten Claims")).  The Complaint in this case re-alleges that the Defendants' conduct caused Stinson "mental anguish, stress, depression, [and] anxiety."  (No. 22-2694, ECF No. 1 at PageID 10; *see also* No. 19-2867, ECF No. 1 at PageID 8 (alleging "depressed feeling"); No. 21-2128, ECF No. 1 at PageID 3, 5 & 8 (alleging "aggravated stress to the mind"); No. 21-2148, ECF No. 1 at PageID 4-9 (alleging "depress[ed] feelings").)

Like Stinson's complaints in No. 19-2867, No. 21-2128, and No. 21-2148, the Complaint in this case sues: (1) Judge John T. Fowlkes, Jr.; (2) Assistant United States Attorney ("AUSA") Damon Keith Griffin; (3) attorney Nathan Patrick Brooks of the United States Department of Justice, Tax Division ("DJTD"); (4) Arthur Quinn, Esquire; (5) Patrick E. Stegall, Esquire; and (6) Tennessee Chancery Court Judge JoeDae L. Jenkins (the "Six Defendants").  (No. 21-2128, ECF No. 1 at PageID 2-4; No. 21-2148, ECF No. 1 at PageID 2-3; No. 22-2694, ECF No. 1 at PageID 2-5.)  The Complaint in this case sues two additional Defendants: (1) Ricky Wilkins, Esquire, who represented Stinson at various times during Stinson's federal criminal proceedings (*see* No. 21-2128, ECF No. 7 at PageID 58-59); and (2) Archie Sanders, Esquire, who represented Stinson at various times during his federal criminal proceedings.  (No. 22-2694, ECF No. 1 at PageID 8-9.)

2

The Complaint in this case seeks (1) "discipline" of the Defendants and (2) fifty million dollars ($50,000,000.00).  (No. 22-2694, ECF No. 1 at PageID 10.)

Stinson has demonstrated a consistent pattern of vexatious filing practices before the Court, having brought several unsuccessful lawsuits with overlapping claims and the same Defendants. The Court recommended strikes under 28 U.S.C. § 1915(g) in three of Stinson's past cases.  (No. 20-2886, ECF No. 7; No. 21-2128, ECF No. 12; No. 21-2759, ECF No. 27.)  During 2020, 2021, and 2022, Stinson has filed twelve (12) cases under § 1983 with the Court.  (Nos. 20-2886, 21-2128, 21-2148, 21-2759, 22-2694, 22-2611, 22-2618, 22-2695, 22-2697, 22-2576, 22-2538, and 22-2823.)  Orders of dismissal and judgments have been entered in four (4) of those twelve (12) cases.  (Nos. 20-2886, 20-2128, 21-2759, and 22-2538.)  Four (4) of those twelve (12) cases have been transferred to the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1406(a).  (Nos. 22-2611, 22-2618, 22-2695, and 22-2697.)  Stinson's filings consistently violate procedural rules, and he has burdened this Court and the Sixth Circuit with duplicative and procedurally improper filings, including but not limited to the following examples:

- In No. 19-2867, the Court dismissed Stinson's § 1983 complaint with prejudice against the Six Defendants for failure to prosecute.  (ECF No. 18.) Stinson's claims in No. 19-2867 arose from the same facts against the same Defendants as four of Stinson's later cases (Nos. 20-2886, 21-2128, 22-2576, and 22-2694);

- In No. 20-2886, the Court: (1) dismissed with prejudice Stinson's § 1983 complaint against Ricky Wilkins, Esquire and Archie Sanders, Esquire -- whom Stinson now sues here for the same alleged misconduct; and (2) recommended a strike assessment under 28 U.S.C. § 1915(g) (ECF No. 7);

- In No. 21-2128, the Court (1) dismissed Stinson's § 1983 complaint against the Six Defendants with prejudice and (2) recommended a strike assessment under 28 U.S.C. § 1915(g).  (ECF No. 12.)  After entry of the dismissal Order, Stinson (1) appealed to the Sixth Circuit, (2) voluntarily dismissed his appeal on December 30, 2021, (3) attempted to re-instate the appeal on January 7, 2022, and (4) attempted to voluntarily dismiss the appeal again

in October 2022.  The Sixth Circuit concluded on October 11, 2022 that the appeal had been dismissed and closed as of December 2021;

- In No. 21-2759, the Court (1) dismissed Stinson's *Bivens* complaint without prejudice for failure to state a claim and (2) denied Stinson's motion for issuance of summons.  (ECF No. 12.)  After entry of the dismissal Order, Stinson filed (1) a motion for mandamus, (2) an amended complaint, and (3) a motion for reconsideration of the Order denying Stinson's motion for issuance of summons.  The Sixth Circuit concluded Stinson's mandamus petition was moot.  Next, Stinson (1) appealed the Order that had screened his complaint under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA"), (2) filed an amended complaint that awaits PLRA screening, and (3) filed a motion to voluntarily dismiss his appeal;

- In No. 21-2148, Stinson's § 1983 complaint sued the Six Defendants based on the same facts Stinson alleged in No. 21-2128.  (ECF No. 1.)  The Court consolidated Nos. 21-2128 and 21-2148, as arising from same set of operative facts against the same parties.  (ECF No. 5);

- In No. 22-2576, Stinson filed a complaint under § 1983 on August 31, 2022 (ECF No. 1) and shortly thereafter filed an October 6, 2022 motion for summary judgment (ECF No. 5) and an October 31, 2022 motion for writ of mandamus (ECF No. 9) -- to challenge the Court's failure to issue process before screening the complaint under the PLRA;

- In No. 22-2611, Stinson filed a *Bivens* complaint on September 12, 2022 (ECF No. 1), and shortly thereafter filed an October 6, 2022 motion for summary judgment (ECF No. 5), an October 31, 2022 motion for writ of mandamus (ECF No. 7), and a November 3, 2022 notice of interlocutory appeal (ECF No. 8) -- all to challenge the Court's failure to issue process immediately for service of the complaint before PLRA screening.  Stinson's complaint in No. 22-2611 awaits PLRA screening;

- In No 22-2618, Stinson filed a *Bivens* complaint on September 15, 2022 (ECF No. 1), and shortly thereafter filed an October 6, 2022 motion for summary judgment (ECF No. 5), an October 31, 2022 motion for writ of mandamus (ECF No. 7), and a November 3, 2022 notice of interlocutory appeal (ECF No. 8) -- all to challenge the Court's failure to issue process immediately for service of the complaint prior to PLRA screening.  Stinson's complaint in No. 22-2618 awaits PLRA screening; and

- In No. 22-2697, Stinson filed an October 31, 2022 motion to consolidate his October 7, 2022 § 1983 complaint in No. 22-2697 with his October 11, 2022 § 1983 complaint in No. 22-2695 (ECF No. 9) because the complaints assert the same claims based on the same facts against the same five Defendants.

To the extent Stinson's vexatious filing practices continue, Stinson is warned that they may result in the imposition of appropriate sanctions.

For the reasons explained below: (1) the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief; (2) the Petition (ECF No. 6) is DENIED; and (3) the pending Motions (ECF Nos. 8 & 9) are DENIED without prejudice.

## I.      BACKGROUND

The alleged facts on which Stinson bases his claims in this case have been summarized in prior Orders of the Court in Stinson's other proceedings.  They are not re-stated here.  *See* No. 21-2128, ECF No. 7 at PageID 58-60.

## II.     LEGAL STANDARD FOR SCREENING THE COMPLAINT

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

When screening a complaint, federal courts apply the standards of Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations."  *Iqbal*, 556

5

U.S. at 679.  Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and factual allegations must make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers.  "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co*., 518 F.2d 1167, 1169 (6th Cir. 1975))).

The Complaint here is construed to allege claims under 42 U.S.C. § 1983 and *Bivens*, 403 U.S. 388.  (*See* ECF No. 1 at PageID 2-5, 7-9 & 10.)  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970). Section 1983

applies only to deprivations of constitutional rights committed by a person acting under color of state law.  Other civil rights violation claims in the Complaint arise, if at all, under *Bivens*.

*Bivens*, 403 U.S. 388, provides a right of action against federal employees, acting under color of federal law, who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

## III.   <u>JURISDICTION</u>

Twenty-eight U.S.C. § 1331 provides that federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Section 1331 requires that complaints allege valid claims under the U.S. Constitution or a federal law providing for a federal right of action.  Section 1983 is a law of the United States.  The Court has jurisdiction.

To the extent Stinson's claims arise under *Bivens*, the Court also has jurisdiction.[1]  The Complaint alleges violation of Stinson's rights under the Fourteenth Amendments of the United

---

[1]  Pursuant to 42 U.S.C. 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a)'s exhaustion requirement demands that a prisoner "complete the administrative review process in accordance with the applicable procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  The Complaint's failure to allege that Stinson exhausted his administrative remedies does not divest the Court of jurisdiction at the screening phase.  "Failure to exhaust administrative remedies is an affirmative defense under the [PLRA] which the defendants bear the burden of establishing" by a preponderance of the evidence.  *Napier v. Laurel Cnty.*, 636 F.3d 218, 225 (6th Cir. 2011); *see also Lewis v. Decker*, No. 19-2162, 2020 WL 5984757, at *1 (6th Cir. July 14, 2020).  A case cannot be dismissed at the screening stage for failure to plead or demonstrate that the prisoner has exhausted his administrative remedies.  *See Grinter v. Knight*, 532 F.3d 567, 578 (6th Cir. 2008).

States Constitution.  (ECF No. 1 at PageID 3.)  The Complaint sues Judge Fowlkes, AUSA Griffin, and DJTD attorney Brooks, who were federal employees at the time of the events alleged in the Complaint.  (*Id*. at PageID 2-3 & 7.)  The Court has independent jurisdiction over Stinson's claims under *Bivens*.

## IV.   ANALYSIS OF THE COMPLAINT

### A.   Official Capacity Claims Under *Bivens* Against Judge Fowlkes, Griffin, And Brooks

Stinson sues Judge Fowlkes, AUSA Griffin, and DJTD attorney Brooks in their official and individual capacities.  (ECF No. 1 at PageID 2-3.)

*Bivens* authorizes damage suits against individual federal officials.  *Bivens* does not authorize those suits against the United States, its agencies, or its employees in their official capacities.  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (a prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP").  *Bivens* does not permit suits against government employees in their official capacities because (1) "the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder"[2], and (2) the United States is immune from suit.[3]  The bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.  *See Himmelreich*, 2012 WL 13226685, at *1 (citing *Karcher*, 484 U.S. at 78 and *Corr. Servs.*, 534 U.S. at 72 ("With respect to the alleged constitutional deprivation, [the plaintiff's] only remedy lies against the individual")).  A suit under *Bivens* may be brought only against individual officers for certain constitutional

---

[2]  *See Himmelreich v. BOP*, No. 11-3474, 2012 WL 13226685, at *1 (6th Cir. May 7, 2012) (citing *Karcher v. May*, 484 U.S. 72, 78 (1987) and *Corr. Servs.*, 534 U.S. at 72).

[3]  *See FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Franklin v. Henderson,* No. 00–4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); *Fagan v. Luttrell,* No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000).

violations.  *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 431 (6th Cir. 2016) (a *Bivens* action is based upon alleged constitutional violations by federal officials in their individual capacities).

Stinson's official capacity claims against Judge Fowlkes, Griffin, and Brooks under *Bivens* fail as a matter of law, and all of those claims are DISMISSED WITH PREJUDICE.

## B.  Individual Capacity Claims Under *Bivens* Against Judge Fowlkes, Griffin, And Brooks

To state a *Bivens* claim plausibly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" in a manner that can be vindicated under *Bivens*.  *See Himmelreich*, 2012 WL 13226685, at *2 (citing *Iqbal*, 556 U.S. at 676); *Nuclear Transp. & Storage v. United States,* 890 F.2d 1348, 1355 (6th Cir. 1989) (a complaint that asserts a *Bivens* cause of action is subject to the same heightened pleading requirements applied to claims under § 1983).  "It is firmly established that a plaintiff asserting a *Bivens* claim, as part of her prima facie case, must offer evidence to support an individual defendant's personal involvement in the deprivation of a constitutional right."  *Burley v. Gagacki*, 729 F.3d 610, 618 (6th Cir. 2013) (citing *Mueller v. Gallina,* 137 F. App'x 847, 850 (6th Cir. 2005) ("'[P]ersonal involvement is required to state a claim under *Bivens*'") (internal citation omitted)).

For several reasons, Stinson fails to state an individual capacity claim to relief against Judge Fowlkes, Griffin, and Brooks.

1.      *Non-Bivens Contexts*:  To date, the Supreme Court has recognized only three contexts in which a *Bivens* claim is appropriate: (a) a Fourth Amendment claim in the search and seizure context; (b) a Fifth Amendment claim under the Due Process Clause for gender discrimination by a federal employer; and (c) an Eighth Amendment claim for a prison official's deliberate indifference to a federal inmate's medical needs.  *Ziglar v. Abbasi*, 137 S. Ct. 1843,

1854–55 (2017).  Stinson's Ten Claims (ECF No. 1 at PageID 10) do not come within any of the three *Bivens* contexts.

   2.     <u>*No Standing*</u>:  To the extent Stinson alleges claims on behalf of his family members, *see* ECF No. 1 at PageID 10, Stinson has no standing to assert claims on behalf of others.  One of the three elements of standing is that "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote, and citations omitted).  "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted).  Unless Stinson suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue.  *See Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).  Injury to family members is insufficient.

   3.     <u>*Time Bar*</u>:  To the extent one or more of Stinson's claims arose before October 11, 2021, those claims are time-barred by the one-year statute of limitations applicable to *Bivens* claims in Tennessee.  (*See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); *Gray v. United States*, 556 F. Supp. 2d 832 (W.D. Tenn. 2021) (the appropriate statute of limitations for a *Bivens* action arising in Tennessee is one year after the cause of action accrued); ECF No. 1 at PageID 1 (the Clerk of Court received the Complaint on October 11, 2022, and Stinson was not confined when the Complaint was filed).)

   4.     <u>*Judicial Immunity*</u>:  Stinson alleges that Judge Fowlkes committed various errors at Stinson's criminal trial, including but not limited to: (a) "misread[ing] the jury instructions"; (b) "d[oing] nothing when the defense attorney told him that he lied about the expert answer"; (c)

10

"agree[ing] to an illegal superceded and sealed indictment after trial"; (d) "not enter[ing] [an email exhibit] into the trial exhibits"; and (e) "fail[ing] to sua sponte [sic] an evidentiary hearing." (ECF No. 1 at PageID 7.) These allegations arise from actions that Judge Fowlkes took in his judicial capacity during Stinson's trial and sentencing.

The absolute immunity doctrine of judicial immunity protects judges from suit both in their official and their individual capacities. *DePiero v. City of Macedonia*, 180 F.3d 770, 783–84 (6th Cir. 1999). Judicial immunity is expansive and provides "immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges, in the performance of their judicial functions, are absolutely immune from civil liability. *See Mireles*, 502 U.S. at 9–10; *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty.*, 753 F.3d 639, 648–49 (6th Cir. 2014). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–36 (1993). *See also Lucas v. Holland*, No. 16-2309-JDT-cgc, 2017 WL 1088300, at *5 (W.D. Tenn. March 22, 2017), aff'd, No. 17-5425, 2017 WL 4764472, (6th Cir. Sept. 26, 2017) (actions taken "during the course of criminal proceedings . . . clearly are within . . . the scope of the[] [judges'] judicial function"). If a judge pursued the challenged conduct in the course of his judicial duties, he is entitled to judicial immunity. *Palazzolo v. Benson*, No. 95-1067, 1996 WL 156699, at *4 (6th Cir. April 3, 1996). A judge will not be deprived of immunity because the action he took may have been in error, was done maliciously, or was in excess of the judge's authority. *Mireles*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967). A judge will be subject to financial liability involving the performance of a judicial act only when the judge has acted in the clear absence of all jurisdiction. *Stump*, 435 U.S. at 356–57; *Pulliam v. Allen*, 466 U.S. 522 (1984). A judge so

acts only if the matter is clearly outside the subject matter jurisdiction of the court over which he presides.  *King v. Love*, 766 F.2d 962, 965 (6th Cir.), *cert. denied*, 474 U.S. 971 (1985).

The Complaint contains no facts from which to infer that Judge Fowlkes lacked jurisdiction over Stinson's trial or sentencing.  The doctrine of judicial immunity bars Stinson's claims against Judge Fowlkes.

5.    *Prosecutorial Immunity*:  The Complaint alleges that Griffin and Brooks committed various errors in bringing criminal charges against Stinson and prosecuting him at trial, including but not limited to: (a) "issued a bad indictment"; (b) "executed an illegal R.I.C.O."; (c) "did not summons the [D]efendant to the grand jury hearing"; (d) "made too many picks for jurors"; (e) "witness tamper[ed]"; (f) "intimidat[ed] … witnesses"; (g) "superceded the indictment after trial"; (h) "gave testimony immunity to their witnesses"; (i) "coerced witnesses to lie under oath"; and (j) "made two closing remarks and only one for the defense."  (ECF No. 1 at PageID 7.)  Griffin and Brooks are immune from suit on Stinson's claims.

A prosecutor's advocacy before a grand jury is entitled to absolute immunity.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 259 (1993); *Burns v. Reed*, 500 U.S. 478, 487 & n.6 (1991).  The Supreme Court has recognized that federal prosecutors are entitled to absolute immunity for alleged violations of constitutional rights in their performance of any acts that are an "integral part of the judicial process."  *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976) (citations omitted).

Stinson seems to suggest that Griffin and Brooks did not disclose exculpatory materials.  (ECF No. 1 at PageID 7.)  A prosecutor is protected by absolute immunity on that claim.  *Koubriti*, 593 F.3d at 467–68.  Stinson also seems to suggest that Griffin and Brooks tampered with witnesses.  (ECF No. 1 at PageID 7.)  A prosecutor's investigation of the evidence and potential government witnesses is another of the "integral part[s] of the judicial process," in the performance

12

of which he is entitled to absolute immunity.  *See Morgan v. Discenza*, No. 15-2332, 2016 WL 11478135, at *5 (W.D. Tenn. Feb. 9, 2016).

The Complaint does not allege any facts that negate Griffin's and Brooks's absolute immunity for actions taken in their advocacy to the grand jury and their prosecution of claims at Stinson's trial.  Griffin and Brooks's investigation of evidence and their advocacy in open court are an "integral part of the judicial process" that is protected by absolute immunity."  *See Imbler*, 424 U.S. at 430.

For the above reasons, Stinson fails to allege facts demonstrating a *Bivens* claim to relief against Judge Fowlkes, Griffin and Brooks in their individual capacities.  All such claims are DISMISSED WITH PREJUDICE.

### C.  Claims Under § 1983 Against Chancery Court Judge Jenkins

Stinson alleges that Chancery Court Judge Jenkins seized Stinson's assets related to criminal charges and judgments against him.  (ECF No. 1 at PageID 8 (alleging that Chancery Court Judge Jenkins "illegally seized $73,033.89", "conspire[ed] to take [the] [D]efendant['s] funds so he could not afford an experience[d] tax attorney for the federal trial", and committed "fraud, theft [and] due process violation").)  The Court construes the Complaint to refer to Shelby County Chancellor JoeDae L. Jenkins. (See https://www.shelbycountytn.gov/3189/Chancellor-JoeDae-L-Jenkins.)

To the extent Stinson sues Chancery Court Judge Jenkins in his official capacity, *see* ECF No. 1 at PageID 4, such claims are treated as claims against Shelby County.  Shelby County may be held liable under § 1983 only if Stinson's injuries were sustained pursuant to an unconstitutional custom or policy.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).  To demonstrate municipal or county liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to

13

execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Stinson does not allege that he was injured due to an unconstitutional policy or custom of Shelby County. (*See* ECF No. 1.) Stinson fails to state a claim to relief against Chancery Court Judge Jenkins in his official capacity.

To the extent Stinson sues Chancery Court Judge Jenkins in his individual capacity, *see* ECF No. 1 at PageID 4, the Complaint contains no facts from which to infer that Judge Jenkins lacked jurisdiction over the execution of restitution orders[4] against Stinson. The doctrine of judicial immunity bars Stinson's individual capacity claims against Chancery Court Judge Jenkins. Those claims are DISMISSED WITH PREJUDICE.

### D. Claims Under § 1983 Against Quinn, Stegall, Miller, Wilkins, And Sanders

Quinn was Stinson's attorney at Stinson's criminal trial. (ECF No. 1 at PageID 7.) Following Quinn's withdrawal after trial, Stegall was appointed Stinson's counsel. (*See* No. 2:16-cr-20247-001-JTF-1 (ECF Nos. 82, 109, 112 & 142.).) Miller later represented Stinson on appeal. (*Id.*) The Complaint's allegations suggest that Wilkins and Sanders represented Stinson during the execution of restitution orders against him. (ECF No. 1 at PageID 8-9.) Stinson fails to plead a claim to relief under § 1983 against Quinn, Stegall, Miller, Wilkins, and Sanders (collectively, the "Attorneys").

---

[4] *See Stinson v. United States*, No. 2:16-cr-20247-01-JTF, 2021 WL 8316018, at *2 (W.D. Tenn. May 3, 2021); *see also United States v. Stinson*, No. 2:16-cr-20247-JTF-1 (W.D. Tenn. Mar. 8, 2018) (ECF No. 114 at PageID 535).

Liberally construing the Complaint, Stinson seeks damages for the denial of his constitutional right to present a defense. *See Nevada v. Jackson*, 569 U.S. 505, 509 (2103) ("the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'") (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). Stinson may not sue the Attorneys under § 1983. Courts have uniformly held that private attorneys are not state actors who can be sued under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983"). The same analysis applies to Stegall, who was appointed Stinson's counsel after Quinn withdrew. (*See* No. 2:16-cr-20247- 001-JTF at ECF No. 112.) *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty.*, 454 U.S. at 325 ("[P]ublic defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'"); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorney who is appointed by the court does not act under color of state law).)

To the extent Stinson asserts claims of ineffective assistance of counsel against the Attorneys, those claims are not well taken. Stinson's claims must be brought in a habeas corpus petition and not in an action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973). In *Preiser*, the Supreme Court made clear that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499. When the legality of a confinement is challenged so that the remedy would be a speedier release, the case must be filed as a habeas corpus proceeding rather than under § 1983, and a plaintiff must exhaust his state court remedies. *Id.* Any alleged violation

15

of Stinson's constitutional right to present his defense necessarily involves a challenge to the fact or length of his custody, not the conditions of his confinement. Stinson's ineffective assistance of counsel claims are not cognizable in a § 1983 action.

All allegations in the Complaint against Quinn, Stegall, Miller, Wilkins, and Sanders fail to allege claims to relief and are DISMISSED WITH PREJUDICE.

### E.  Failure To Sign The Complaint

Stinson did not sign the Complaint. (ECF No. 1.)

Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented." The Court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id*.

Exercising its discretion, the Court affords Stinson one opportunity to bring his pleading into compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). If Stinson chooses to file an amended pleading, *see* Section V. *infra*, Stinson must sign that pleading pursuant to Fed. R. Civ. P. 11(a). Stinson is warned that, if he fails to sign an amended pleading, the Court will summarily dismiss that pleading and impose appropriate sanctions, including but not limited to dismissal of the case. *See* Fed. R. Civ. P. 41(b); *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012).

### V.  AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir.

2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). The Court grants Stinson one opportunity to amend, under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Stinson's claims. An amended complaint supersedes the original Complaint and must be complete in itself without reference to the prior pleadings. Stinson must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. An amended complaint must be filed within TWENTY-ONE (21) DAYS of the date of entry of this Order.

The Court grants Stinson one opportunity to amend his claims. If Stinson fails to amend the complaint in a timely manner, the Court will dismiss this case and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

17

## VI.   **THE PETITION**

The Petition seeks a writ of mandamus under 28 U.S.C. § 1361.  (ECF Nos. 6 & 6-1.) Stinson seeks to compel the Court "to serve summons on the [D]efendants and perform all duties." (ECF No. 6-1 at PageID 39.)

The mandamus statute, 28 U.S.C. § 1361, provides:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Stinson seeks a drastic remedy available only in extraordinary cases.  *See Kerr v. United States Dist. Ct*., 426 U.S. 394, 402 (1976); *Will v. United States*, 389 U.S. 90, 95 (1967).  A litigant who seeks mandamus relief must show that: "(1) no other adequate means [exist] to attain the relief he desires; (2) the party's right to issuance of the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances."  *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted); *see also Carson v. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (internal quotation marks & citation omitted) ("Mandamus is available only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff"), *cert. denied*, 565 U.S. 1101, 132 S. Ct. 857 (2011).  The purpose of a writ of mandamus is to provide a remedy only where a respondent owes a petitioner a clear nondiscretionary duty.  *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984) (citations omitted).

Stinson does not satisfy any of the criteria for mandamus.

Pursuant to the PLRA, the Court must screen the Complaint and dismiss claims that are frivolous, malicious, or fail to state a claim to relief.  *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).  Because (1) Stinson's official capacity claims against Judge Fowlkes, Griffin, and Brooks under *Bivens* fail as a matter of law; (2) Stinson fails to allege facts demonstrating a

18

*Bivens* claim to relief against Judge Fowlkes, Griffin, and Brooks in their individual capacities; (3) the doctrine of judicial immunity bars the Complaint's claims against Chancery Court Judge Jenkins; (4) Stinson may not sue the Attorneys under § 1983; and (5) Stinson's ineffective assistance of counsel claims are not cognizable in a § 1983 action, Stinson does not have a clear and indisputable right to issuance of a summons for service of the Complaint on the Defendants.

Stinson is already well aware that the Complaint must survive screening before process will issue for service. Stinson's efforts to avoid the PLRA's screening requirements and to force expedited service of his pleadings in other cases have been unsuccessful. Stinson has been warned in prior cases of the impropriety of his efforts. (*See*, *e.g.*, No. 21-2759, ECF No. 1 (Stinson's December 6, 2021 complaint); ECF No. 6 (Stinson's January 20, 2022 motion to issue summons and for default judgment); ECF No. 10 (Stinson's March 24, 2022 motion for writ of mandamus to the Sixth Circuit); ECF No. 11 (Stinson's June 30, 2022 notice of filing writ of mandamus); ECF No. 12 at PageID 68-70 (July 25, 2022 Order that, *inter alia*, dismissed the complaint without prejudice, denied the motion for issuance of summons and for default judgment, and denied the petition for writ of mandamus) (notifying Stinson that, *inter alia*, "… to avail himself of the provisions of 28 U.S.C. § 1915(d) — *i.e.*, to enlist the USMS to serve process – Stinson's Complaint must survive the PLRA's screening process").)

The Court does not have a "clear duty" to issue process because the Complaint, as alleged, does not survive screening under the PLRA. The Petition's broad and conclusory allegations do not establish that the Court has violated any mandatory duty. (*See* ECF No. 6-1 at PageID 39 (alleging that this Judge "is in violation of 28 U.S.C. § 1915(d)").) Stinson has an adequate remedy other than mandamus. He may amend the Complaint to allege sufficient facts demonstrating a claim to relief, which would entitle him to issuance of process and service on the proper parties.

19

For these reasons, Stinson has not shown that his right to a writ "is clear and indisputable" or that a writ is "appropriate under the circumstances." *See Hollingsworth*, 558 U.S. at 190. Stinson has not demonstrated that the Court owes him a duty to issue process for service of the Complaint on the Defendants. The Petition (ECF Nos. 6 & 6-1) is DENIED.

## VII.   THE AFFIDAVIT MOTION & THE SUMMONS MOTION

The Affidavit Motion seeks to supplement the record with factual allegations in support of Stinson's claims in the Complaint. (ECF No. 8 at PageID 42-46.) The Affidavit repeats the factual allegations of the Complaint and specifies the amount of damages sought from each Defendant. (ECF No. 1; ECF No. 8.) None of the Affidavit's allegations add new or different facts that alter this Order's screening conclusion, *supra*. If Stinson chooses to amend the Complaint, he should allege in an amended pleading all facts supporting his amended claims. *See* Fed. R. Civ. P. 8(a). The Affidavit Motion (ECF No. 8) is DENIED.

The Summons Motion seeks service of process on the Defendants. (ECF No. 9 at PageID 47-48.) Stinson argues that, because he is proceeding *pro se*, he is entitled to immediate service of the Complaint on the Defendants by the United States Marshals Service. (*Id*.) Stinson is incorrect for the reasons explained in Section VI, *supra*. The United States Supreme Court has held that, "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court." *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). Because Stinson's complaint fails to allege sufficient facts stating a claim to relief, serving the complaint, which would initiate the time period for Defendants to file an answer under Fed. R. Civ. P. 12, would violate the PLRA.

## VIII.   CONCLUSION

For the reasons explained above:

A.      The Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety

for failure to state a claim to relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).  Leave

to amend is GRANTED, pursuant to the conditions set forth in this Order;

B.      The Petition (ECF No. 6) is DENIED; and

C.      The Affidavit Motion (ECF No. 8) and the Summons Motion (ECF No. 9) are

DENIED WITHOUT PREJUDICE, subject to Stinson's right to: (a) include the Affidavit's

allegations in an amended complaint, or to re-file his Affidavit Motion if the case proceeds; and

(b) re-file the Summons Motion if the case proceeds.

IT IS SO ORDERED this 8th day of December, 2022.

/s/ *Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

21