## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| MARK STINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:22-cv-02694-SHM-tmp |
| v. | ) |
| | ) |
| JUDGE JOHN T. FOWLKES, JR., ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 13);
AND FINDING LACK OF JURISDICTION OVER ALL OTHER PENDING MATTERS
(ECF NOS. 11, 18 & 19)**

Before the Court are Plaintiff Mark Stinson's: (1) *pro se* amended complaint (ECF No. 11 (the "Amended Complaint")); (2) Motion For Reconsideration (ECF No. 13 (the "Reconsideration Motion")); (3) Motion For Expedited Reconsideration (ECF No. 18 (the "Expedited Reconsideration Motion")); and (4) Motion For PACER Fee Exemption (ECF No. 19 (the "PACER Fee Motion")).

For the reasons explained below, the Reconsideration Motion (ECF No. 13) is DENIED. The Court lacks jurisdiction at this time to consider the Amended Complaint (ECF No. 11), the Expedited Reconsideration Motion (ECF No. 18), and the PACER Fee Motion (ECF No. 19).

## I.     PROCEDURAL BACKGROUND

On December 8, 2022, the Court dismissed the complaint without prejudice, granted leave to amend, denied Stinson's petition for writ of mandamus, and denied all pending motions. (ECF No. 10 (the "Screening Order") at PageID 49-52 & 56-69.)

On December 12, 2022, Stinson filed the Amended Complaint. (ECF No. 11.)

On December 15, 2022, Stinson filed a Notice Of Accelerated Interlocutory Appeal with the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit"). (ECF No. 12 (the "First Notice Of Appeal"); *see also* ECF No. 14 (notice from the Sixth Circuit that docketed the appeal as Case No. 22-6103).)

On December 21, 2022, Stinson filed the Reconsideration Motion. (ECF No. 13.)

On December 22, 2022, the Sixth Circuit Case Manager for Case No. 22-6103 notified Stinson that his appeal "will be held in abeyance until after the district court rules on pending motions." (ECF No. 15 (the "Abeyance Determination").)

On January 12, 2023, Stinson filed the Expedited Reconsideration Motion. (ECF No. 18.)

On January 26, 2023, Stinson filed the PACER Fee Motion. (ECF No. 19.)

On January 27, 2023, Stinson filed a Motion For Notice Of Appeal with the Sixth Circuit. (ECF No. 20 (the "Second Notice Of Appeal"); *see also* ECF No. 21 (notice from the Sixth Circuit docketing the appeal as Case No. 23-5086).)

On February 3, 2023, the Sixth Circuit dismissed Case No. 23-5086 as duplicative of Case No. 22-6103. (ECF No. 22.)

On February 6, 2023, Stinson filed a Motion For Notice Of Appeal with the Sixth Circuit. (ECF No. 23 (the "Third Notice Of Appeal"); *see also* ECF No. 24 (notice from the Sixth Circuit docketing the appeal as Case No. 23-5113).)

On February 10, 2023, the Sixth Circuit dismissed Case No. 23-5113 as duplicative of Case No. 22-6103. (ECF No. 25.)

On March 8, 2023, Stinson filed a Motion For Extraordinary Writ Of Mandamus with the Sixth Circuit. (ECF No. 26.)

II.     **THE RECONSIDERATION MOTION**

    A.  **The Court's Jurisdiction To Consider The Reconsideration Motion**

Stinson seeks reconsideration of the Screening Order pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). (*Id*. at PageID 96.) Under Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Under Fed. R. Civ. P. 60(b), a party may file a motion for relief from a final judgment or order "within a reasonable time …." Stinson filed the Reconsideration Motion six (6) days after the First Notice Of Appeal and thirteen (13) days after the Screening Order. (ECF No. 13.) For purposes of discussion, the Court liberally construes the Reconsideration Motion as a motion pursuant to Rules 59(e) and 60(b), as described in Stinson's filing. Construed as a motion pursuant to Rules 59(e) and 60(b), the Reconsideration Motion is timely. *See* Fed. R. Civ. P. 59(e) & 60(b). Under Fed. R. App. P. 4(a)(4)(A), the Court has jurisdiction to consider the Reconsideration Motion because it was timely. That conclusion is consistent with the Sixth Circuit's Abeyance Determination. (*See* ECF No. 15 at PageID 103 ("[Sixth Circuit Case No. 22-6103] will be held in abeyance until after the district court rules on pending motions …").) The Court has jurisdiction to consider the Reconsideration Motion.

### B. Analysis Of The Reconsideration Motion

The Reconsideration Motion alleges that the Screening Order's dismissal of the initial complaint violated: (1) Fed. R. Civ. P. 38[1]; (2) the Seventh Amendment[2]; and (3) 28 U.S.C. §

---

[1] "(a) Right Preserved: The right of trial by jury as declared by the Seventh Amendment to the Constitution -- or as provided by a federal statute -- is preserved to the parties inviolate. (b) Demand: On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand -- which may be included in a pleading -- no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(a)-(b).

[2] "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

1915(d).³  (ECF No. 13 at PageID 96-99.)  Stinson offers no facts or arguments to support the Reconsideration Motion. (*See id*. (quoting cases and procedural rules).)

### 1. **Fed. R. Civ. P. 54(b), 59(e) & 60(b)**

Stinson's reliance on Rules 59(e) and 60(b) to support reconsideration of the Screening Order is misplaced.  (*See* ECF No. 13 at PageID 96.)

Rule 59(e) says: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  A court may alter or amend its judgment under Rule 59(e) because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009).  Under Fed. R. Civ. P. 60(b), a court may grant a party relief from a final judgment for one of several defined reasons, including mistake or inadvertence, newly discovered evidence, fraud, if there is a defect in the judgment, or for any other reason justifying relief. *See* Fed. R. Civ. P. 60(b)(1)–(6).

No judgment has been entered in this case.  Stinson seeks reconsideration of the Screening Order, which is an interlocutory order of the Court. *See Whitener v. Lane*, No. 20-cv-524, 2021 WL 1061168, at *1 (E.D. Tenn. Mar. 18, 2021).  Although the Federal Rules of Civil Procedure do not expressly permit reconsideration of interlocutory orders, the Sixth Circuit has recognized that District Courts may reconsider them under Federal Rule of Civil Procedure 54(b). *Id*. (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) and *Palmer v. Bagley*, 330 F. App'x 92, 105 (6th Cir. 2009)).  Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the

---

³ "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d).

> entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citation and footnote omitted). None of those justifications is present here.

### 2. Analysis

Reconsideration of the Screening Order is not warranted for the following reasons.

1. *Stinson Misunderstands The Screening Order*: Pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), the Screening Order analyzed the sufficiency of the initial complaint's factual allegations under *Bivens* and § 1983. (*See* ECF No. 10 at PageID 56-64.) The Screening Order did not reach any conclusions about Stinson's right to a jury trial under Fed. R. Civ. P. 38 or under the Seventh Amendment. (*See id*. at PageID 57-70.) Screening a complaint pursuant to the PLRA, and a litigant's right to a jury trial, are distinct issues. None of the Court's conclusions about screening in the Screening Order negated Stinson's constitutional right to a jury trial. Stinson "had no absolute right to a jury trial, and the [D]istrict [C]ourt was permitted to dismiss the complaint at any time it determined the action was frivolous or failed to state a claim." *See Webber v. Fed. Bureau of Prisons*, 200 F. App'x 335, 336 (5th Cir. 2006) (citing 28 U.S.C. §§ 1915(e)(2)(b) and 1915A); *see also Yeyille v. Altonaga*, No. 19-24869, 2019 WL 6483411, at *1 (S.D. Fla. Dec. 2, 2019) (where the *pro se* plaintiff alleged that the District Court's screening and dismissal of the complaint denied the plaintiff's right to a jury trial, the District Court denied the motion to vacate the dismissal).

2. *Stinson Was Not Entitled To Service Of His Insufficiently-Alleged Complaint*: The initial complaint's allegations under *Bivens* had to survive the PLRA screening process under 28

5

U.S.C. §§ 1915A(b) and 1915(e)(2)(B) before Stinson could serve the complaint on the Defendants pursuant to § 1915(d).  *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity").  The Reconsideration Motion alleges no facts or arguments persuading the Court that service of Stinson's complaint would have been proper.  The complaint failed to survive screening under the PLRA.  Service would have violated the PLRA.  Since the Screening Order was entered, there has been no intervening change of controlling law, and Stinson has not demonstrated any clear error or manifest injustice.  *See Rodriguez,* 89 F. App'x at 959.

For these reasons, the Reconsideration Motion (ECF No. 13) is DENIED.

### III.  THE AMENDED COMPLAINT, THE EXPEDITED RECONSIDERATION MOTION, AND THE PACER FEE MOTION

The Amended Complaint (ECF No. 11) was filed three (3) days before Stinson filed the First Notice Of Appeal (ECF No. 12).  This Court lost jurisdiction over the case when Stinson filed the First Notice Of Appeal.  *See Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981), *cert. denied*, 454 U.S. 1152 (1982).  The Sixth Circuit's Abeyance Determination, however, directed this Court to decide the Reconsideration Motion so that the Sixth Circuit could rule on Stinson's pending appellate matters.  (*See* ECF No. 15 at PageID 103 (notifying Stinson that his appellate case "will be held in abeyance until after the district court rules on pending motions").)  At the time of the Abeyance Determination, the Reconsideration Motion was Stinson's only "pending motion[]" in this Court.  (ECF No. 13.)  Pursuant to the Abeyance Determination, this Court has jurisdiction over only the Reconsideration Motion.

This Court lacks jurisdiction at this time to consider the Amended Complaint (ECF No. 11), the Expedited Reconsideration Motion (ECF No. 18), and the PACER Fee Motion (ECF No. 19). The Clerk is DIRECTED to forward a copy of this Order to the Sixth Circuit.

## IV. **CONCLUSION**

For the reasons explained above:

    A.    The Reconsideration Motion (ECF No. 13) is DENIED.

    B.    The Court lacks jurisdiction at this time to consider the Amended Complaint (ECF No. 11), the Expedited Reconsideration Motion (ECF No. 18), and the PACER Fee Motion (ECF No. 19).

IT IS SO ORDERED this 3d day of April, 2023.

                       /s/ *Samuel H. Mays, Jr.*
                       SAMUEL H. MAYS, JR.
                       UNITED STATES DISTRICT JUDGE