UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MARK STINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:22-cv-02694-SHM-tmp |
| | ) | |
| JUDGE JOHN T. FOWLKES, JR., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO AMEND (ECF NO. 27);
DISMISSING AMENDED CLAIMS WITH PREJUDICE (ECF NOS. 11, 27 & 30);
DENYING ALL OTHER PENDING MOTIONS (ECF NOS. 18 & 19);
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING STINSON OF THE APPELLATE FILING FEE;
NOTIFYING STINSON OF THE COURT'S STRIKE RECOMMENDATION UNDER
28 U.S.C. § 1915(g);
AND CLOSING THE CASE**

On October 11, 2022, Mark Stinson filed: (1) a *pro se* complaint alleging claims under 28 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) (ECF No. 1 (the "Complaint")); and (2) a motion to proceed *in forma pauperis* (ECF No. 2). When Stinson filed the Complaint, he was assigned to probation in Memphis, Tennessee. (ECF No. 1 at PageID 2.) On October 28, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 7.)

Before the Court are: (1) Stinson's motion to amend the complaint (ECF No. 27 (the "MTA")); (2) Stinson's first amended complaint (ECF No. 11 (the "FAC")); (3) Stinson's second amended complaint (ECF No. 30 (the "SAC")); (4) Stinson's motion for expedited reconsideration (ECF No. 18 (the "Expedited Reconsideration Motion")); and (5) Stinson's motion for PACER fee exemption (ECF No. 19 (the "PACER Fee Motion")). For the reasons explained below: (1) the MTA (ECF No. 27) is GRANTED to the extent Stinson seeks leave to amend the Complaint; (2)

Stinson's consolidated amended claims (ECF Nos. 11, 27 & 30) are DISMISSED WITH PREJUDICE; and (3) the Expedited Reconsideration Motion (ECF No. 18) and the PACER Fee Motion (ECF No. 19) are DENIED.

## I.    PROCEDURAL HISTORY

On December 8, 2022, the Court dismissed the Complaint without prejudice, granted leave to amend, denied Stinson's petition for writ of mandamus, and denied all pending motions (ECF Nos. 8 & 9). (ECF No. 10 (the "Screening Order") at PageID 49-52 & 56-69.)

On December 12, 2022, Stinson filed the FAC. (ECF No. 11.)

On December 15, 2022, Stinson filed a Notice Of Accelerated Interlocutory Appeal with the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit"), seeking to appeal the Screening Order. (ECF No. 12 (the "First Notice Of Appeal"); *see also* ECF No. 14 (notice from the Sixth Circuit that docketed the appeal as Case No. 22-6103).)

On December 21, 2022, Stinson filed a motion for reconsideration. (ECF No. 13 (the "Reconsideration Motion").)

On December 22, 2022, the Sixth Circuit Case Manager for Case No. 22-6103 notified Stinson that his appeal "will be held in abeyance until after the district court rules on pending motions." (ECF No. 15 (the "Abeyance Determination").)

On January 12, 2023, Stinson filed the Expedited Reconsideration Motion. (ECF No. 18.) On January 25, 2023, Stinson filed the PACER Fee Motion. (ECF No. 19.)

On January 27, 2023, Stinson filed a Motion For Notice Of Appeal with the Sixth Circuit, seeking "serv[ice] [of] the Summons and Complaint." (ECF No. 20 (the "Second Notice Of Appeal"); *see also* ECF No. 21 (notice from the Sixth Circuit docketing the appeal as Case No. 23-5086).) The Second Notice Of Appeal is construed to appeal the Screening Order.

On February 3, 2023, the Sixth Circuit dismissed Case No. 23-5086 as duplicative of Case No. 22-6103.  (ECF No. 22.)

On February 6, 2023, Stinson filed a Motion For Notice Of Appeal with the Sixth Circuit, seeking to appeal "the [District] [C]ourt's want of prosecution to continue with process of the [C]omplaint."  (ECF No. 23 (the "Third Notice Of Appeal"); *see also* ECF No. 24 (notice from the Sixth Circuit docketing the appeal as Case No. 23-5113).)  The Third Notice Of Appeal is construed to appeal the Screening Order.  On February 10, 2023, the Sixth Circuit dismissed Case No. 23-5113 as duplicative of Case No. 22-6103.  (ECF No. 25.)

 On March 30, 2023, Stinson filed the MTA.  (ECF No. 27.)

On April 3, 2023, the Court denied Stinson's motion for reconsideration (ECF No. 13) and concluded that the Court lacked jurisdiction over all other pending matters (ECF Nos. 11, 18 & 19) because of the Abeyance Determination.  (ECF No. 28.)

On April 4, 2023, Stinson filed a Motion For Notice Of Appeal with the Sixth Circuit, seeking to amend the Complaint.  (ECF No. 29 (the "Fourth Notice Of Appeal"); *see also* ECF No. 31 (notice from the Sixth Circuit docketing the appeal as Case No. 23-5291).)  The Fourth Notice Of Appeal "request[s] that this Court issue an order for … Amend[ing] the Complaint … , without delay."  (ECF No. 29 at PageID 166.)  The Fourth Notice Of Appeal is construed to appeal the Screening Order.

On April 4, 2023, Stinson filed the SAC.  (ECF No. 30.)

On April 17, 2023, the Sixth Circuit notified Stinson that the Court of Appeals "now has jurisdiction to review … case number 22-6103 [because] … [t]he district court has ruled on your motion to reconsider."  (ECF No. 32 at PageID 192.)

3

On May 22, 2023, the Sixth Circuit: (1) dismissed Case No. 22-6103 and Case No. 23-5291 for lack of appellate jurisdiction (ECF Nos. 33 & 353); and (2) entered judgment. (ECF Nos. 34 & 36.)

## II. JURISDICTION TO CONSIDER THE MTA, THE EXPEDITED RECONSIDERATION MOTION & THE PACER FEE MOTION

After Stinson filed the First Notice of Appeal on December 15, 2022 (ECF No. 12), he filed: (1) the Expedited Reconsideration Motion twenty-eight (28) days later (ECF No. 18 (filed January 12, 2023)); (2) the PACER Fee Motion forty-two (42) days later (ECF No. 19 (filed January 26, 2023)); and (3) the MTA one hundred and five (105) days later (ECF No. 27 (filed March 30, 2023)).

As a general rule, District Courts lose jurisdiction over an action once a party files a notice of appeal and jurisdiction transfers to the appellate court. *See Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981), *cert. denied*, 454 U.S. 1152 (1982). District Courts retain jurisdiction over an action when an "appeal is untimely, is an appeal from a non-appealable nonfinal order, or raises only issues that were previously ruled upon in that case by the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394–95 (6th Cir. 1993) (quoting *Rucker v. United States Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986)).

The dismissal of an action without prejudice may be appealable. *See* 28 U.S.C. § 1291 ("The court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States"). The appealability inquiry turns on whether a dismissal without prejudice constitutes a final order under § 1291. *Azar v. Conley*, 480 F.2d 220, 222-23 (6th Cir. 1973) (internal citations omitted). "For a dismissal without prejudice to be inherently final, it must, as a practical matter, prevent the parties from further litigating the merits of the case in federal court." *Robert N. Clemens Tr. v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007) (internal citation omitted). "Courts of appeals have uniformly held that an order dismissing

4

a complaint is not a final order when it is possible for a plaintiff to file an amended complaint resurrecting the lawsuit." *Network Commc'n v. Mich. Bell Tel. Co.*, 906 F.2d 237, 238 (6th Cir. 1990) (citing cases).

The Screening Order is not an appealable final decision because the Screening Order "dismiss[ed] [the] [C]omplaint, as opposed to [the] action." *See Thompson v. Mich. Dep't of Corr.*, 23 F. App'x 486, 487-88 (6th Cir. 2001). The Screening Order did not, "as a practical matter, prevent the parties from further litigating the merits of the case in federal court." *See United States v. Yeager*, 303 F.3d 661, 664 (6th Cir. 2002). The Screening Order is a non-appealable nonfinal order because the Court granted leave to amend the complaint (ECF No. 10 at PageID 64-65) and did "not … enter[] a final judgment." *See Clemens*, 485 F.3d at 845.

The Sixth Circuit has concluded that it lacks appellate jurisdiction over the First Notice Of Appeal and the Fourth Notice Of Appeal. (*See* ECF Nos. 12, 20, 23 & 29; *see also* ECF No. 33 at PageID 195 (concluding that "[t]he [D]istrict [C]ourt's December 8, 2022 [O]rder dismissing Stinson's complaint with leave to amend is neither a final order nor an appealable interlocutory or collateral order") and ECF No. 35 at PageID 199 (same).) This Court has jurisdiction to consider the FAC (ECF No. 11), the Expedited Reconsideration Motion (ECF No. 18), the PACER Fee Motion (ECF No. 19), the MTA (ECF No. 27), and the SAC (ECF No. 30).

### III.     THE CONSOLIDATED AMENDED COMPLAINT

To the extent the MTA seeks to amend the Complaint, Stinson's request is superfluous. The Screening Order granted leave to amend on December 8, 2022. (ECF No. 10 at PageID 64-65.) Stinson's deadline to amend was December 29, 2022. (*Id*. at PageID 65.) To advance the resolution of this case, the MTA is GRANTED to the extent Stinson seeks to amend the Complaint with: (1) the allegations in the FAC (ECF No. 11), which were timely filed; and (2) the allegations in the MTA (ECF No. 27) and the SAC (ECF No. 30), which were not timely filed.

A. **Stinson's Amended Claims**

The Complaint alleged claims of malicious prosecution, false arrest, false imprisonment, conspiracy, fraud, "malicious aggravated pain", suffering, "mental anguish", "malicious aggravated loss of liberty", and "malicious aggravated defamation of character" arising from the Defendants' alleged conduct during and after Stinson's criminal trial. (ECF No. 1 at PageID 7-10 ("Stinson's Claims").) The Complaint sued: (1) Judge John T. Fowlkes, Jr.; (2) Assistant United States Attorney Damon Griffin; (3) United States Department of Justice attorney Nathan Patrick Brooks (Defendants (1) - (3) are referred to as the "Federal Defendants")); (4) Arthur Quinn, Esquire; (5) Patrick E. Stegall, Esquire; (6) Ricky Wilkins, Esquire; (7) Archie Sanders, Esquire (Defendants (4) - (7) are referred to as the "Attorneys"); and (8) Tennessee Chancery Court Judge JoeDae Jenkins (collectively, the "Eight Defendants").

The Screening Order concluded that the Complaint's factual allegations failed to state a claim to relief. (ECF No. 10 at PageID 56-64.)

The FAC repeats the Complaint's factual allegations. (ECF No. 11 at PageID 71-74; *cf.* ECF No. 1 at PageID 7-9.) The FAC re-alleges Stinson's Claims as violations of his First, Fourth, Fifth, Sixth, Seventh, and Eighth Amendment rights. (ECF No. 1 at PageID 6-10; ECF No. 11 at PageID 70-71 & 74.) The FAC uses typographical emphasis to allege that "the Defendants' conduct caused *injuries* to Stinson." (*Id*. at PageID 71 & 74 (emphasis in original).) The FAC alleges that, *inter alia*, the Defendants caused "mental anguish on the [P]laintiff" only (ECF No. 11 at PageID 70-71). The Complaint alleged that the Defendants caused "mental anguish on the [P]laintiff and his family." (ECF No. 1 at PageID 10 (the "Family Injuries").) The Screening Order concluded that "Stinson has no standing to assert claims on behalf of others." (ECF No. 10 at PageID 58.)

6

The MTA copies the substance not only of (1) Stinson's Claims in this case, but also (2) Stinson's unsuccessful allegations in three (3) prior cases.[1] (*See* ECF No. 1 at PageID 7-10; ECF No. 27 at PageID 143-47.) The MTA sues the Eight Defendants. (*See* ECF No. 27 at PageID 142-47.)

The SAC repeats the Claims that Stinson previously filed. (ECF No. 30 at PageID 172-83; *cf*. ECF No. 1 at PageID 4-10; ECF No. 11 at PageID 71-74; ECF No. 27 at PageID 143-47.)

Because the allegations and claims in the FAC, the MTA, and the SAC overlap, the Court CONSOLIDATES the FAC (ECF No. 11), the MTA (ECF No. 27), and the SAC (ECF No. 30) as the "Consolidated Amended Complaint" (or, the "CAC") for purposes of screening Stinson's claims under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").[2]

## B. Analysis

The CAC omits the Complaint's allegations about the Family Injuries. (ECF No. 11 at PageID 70-71; *cf*. ECF No. 1 at PageID 10.) That omission does not remedy the pleading defects, which the Screening Order identified. The Stinson Claims in the CAC have the following problems, although Stinson has omitted the Family Injuries from the CAC.

---

[1] *See Stinson v. Judge John T. Fowlkes, Jr., et al.*, No. 19-2867 (W.D. Tenn.) (ECF No. 1 at PageID 4-9 (complaint)) (ECF No. 18 (Order dismissing case with prejudice)); *Stinson v. Judge John T. Fowlkes, Jr., et al.*, No. 21-2128 (W.D. Tenn.) (ECF No. 1 at PageID 3 & 6-7 (complaint)) (ECF No. 12 (Order dismissing amended complaint with prejudice)); and *Stinson v. Judge John T. Fowlkes, Jr., et al.*, No. 21-2148 (W.D. Tenn.) (ECF No. 1 at PageID 5-9 (complaint)) (ECF No. 5 (Order consolidating case with Case No. 21-2128)).

[2] The CAC is screened under the PLRA because the Complaint and the FAC were filed before the Court recommended Stinson's third strike under 28 U.S.C. § 1915(g). *See Stinson*, 2023 WL 146267, at *2. Stinson may not file future actions under § 1983 unless he pays the civil filing fee in full or alleges facts demonstrating imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008); *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

1. **<u>Official Capacity Claims</u>**: The Screening Order concluded that Stinson's official capacity claims under *Bivens*, 403 U.S. 388, against the Federal Defendants fail as a matter of law. (ECF No. 10 at PageID 56-57.) *Bivens* does not authorize damages suits against the United States, its agencies, or its employees in their official capacities. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). The MTA and the CAC cite no intervening change in the law that warrants a different outcome.

2. **<u>Individual Capacity Claims</u>**: The Screening Order concluded that Stinson's individual capacity claims against the Federal Defendants fail to state claims to relief because Stinson's Claims do not come within any of the three contexts in which the United States Supreme Court has found that a *Bivens* claim is appropriate. (ECF No. 10 at PageID 57-58.) The MTA and the CAC cite no case that alters the Screening Order's analysis.

The Screening Order also concluded that Stinson's individual capacity claims against the Federal Defendants that arose before October 11, 2021 are time-barred by the one-year statute of limitations applicable to *Bivens* claims in Tennessee. (*See* ECF No. 10 at PageID 58.) The MTA and the CAC cite no statutes or cases that warrant a different outcome.

The Screening Order concluded that the doctrine of judicial immunity bars Stinson's Claims against Judge Fowlkes and Chancellor Jenkins. (*Id.* at PageID 58-60 & 61-62.) The CAC alleges no facts from which to infer that (1) Judge Fowlkes lacked jurisdiction over Stinson's criminal trial or sentencing or (2) Chancellor Jenkins lacked jurisdiction over the execution of restitution orders against Stinson. The CAC's allegations do not alter the Screening Order's conclusion that the doctrine of judicial immunity bars Stinson's claims against Judge Fowlkes and Chancellor Jenkins.

The Screening Order concluded that Griffin and Brooks are immune from suit under § 1983 pursuant to the doctrine of prosecutorial immunity. (*Id.* at PageID 60-61.) The CAC does not

8

allege conduct by Griffin and Brooks that was outside an "integral part of the judicial process." *See Imbler v. Pachtman*, 424 U.S. 409 424 (1976); *see also* ECF No. 11 at PageID 75-76 (alleging conduct by Griffin and Brooks during their advocacy to the grand jury and their prosecution of claims at Stinson's trial).

3. **The Attorneys**:  The Screening Order concluded that Stinson failed to allege facts stating a claim to relief against the Attorneys.  (ECF No. 10 at PageID 62-64.)  The Attorneys are not state actors who can be sued under § 1983, and Stinson's ineffective assistance of counsel claims against the Attorneys are not cognizable in an action under § 1983.  (*See id.*)  The CAC alleges no new or different facts, asserts no new legal arguments, and cites to no intervening changes in the law that alter the Screening Order's analysis about Stinson's claims against the Attorneys.

4. **New Claims**:  The CAC alleges claims of "due process violation, harassment, and brady [sic] violation among others" (ECF No. 11 at PageID 71 (the "New Claims")) that were not alleged in the Complaint.   The New Claims do not survive screening under the PLRA for the following reasons.

a. **Claim Of Due Process Violation**:  Stinson vaguely alleges "due process violation." (ECF No. 11 at PageID 71.)  That allegation does not fall within any of the three categories in which the United States Supreme Court has found an implied cause of action against federal agents for certain types of violations of the Constitution.  *See Bivens*, 403 U.S. at 395-97 (enforcing a damages remedy for violation of the Fourth Amendment's prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228, 243-44 & 248 (1979) (enforcing a damages remedy for gender discrimination in violation of the Fifth Amendment's Due Process Clause); and *Carlson v. Green*, 446 U.S. 14, 20-23 (1980) (enforcing a damages remedy for violation of the Eighth Amendment's Cruel and Unusual Punishments Clause).

9

When considering whether to expand *Bivens* beyond its original scope, courts assess: (1) "whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants'"; and, if so (2) "whether there are any special factors that counsel hesitation about granting the extension." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). Stinson alleges no facts demonstrating that his broad allegation of "due process violation" arises in a "new context" or "involves a new category of defendants" from previous *Bivens* cases decided by the United States Supreme Court. The CAC alleges broadly that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (ECF No. 11 at PageID 74.) The United States Supreme Court has declined to recognize a *Bivens* remedy under the First Amendment in any context. *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims"). The Court is particularly reluctant to extend *Bivens* in Stinson's case. "Separation of powers principles are central" to the Court's reluctance, "principally because Congress may doubt that a damages remedy is appropriate for the violation[s] at hand, and the judiciary is not always positioned to make a cost-benefit, policy-oriented analysis." *See Hernandez*, 140 S. Ct. at 743.

b. **Claim Of Harassment**: Stinson's vague allegation of "harassment" (ECF No. 11 at PageID 71) is not a cognizable claim under *Bivens*. In *Wilkie v. Robbins*, 551 U.S. 537, 541 (2007), the United States Supreme Court refused to extend *Bivens* liability to federal employees accused of harassment and intimidation.

c. **Claim Of *Brady* Violation**: The CAC alleges a "brady [sic] violation among others" (ECF No. 11 at PageID 71.) The United States Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963), held that prosecutors must turn over favorable evidence to an accused when the evidence is material either to guilt or punishment. Wrongful withholding violates the right to due process. *Brady*, 373 U.S. at 89, 83 S.Ct. 1194 (1963). Evidence is material when "there is a

reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley,* 514 U.S. 419, 433–34 (1995) (internal quotation marks omitted). *Bivens* remedies have been recognized for alleged *Brady* violations. *See*, *e.g.*, *Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014) and *Engel v. Buchan*, 710 F.3d 698 (7th Cir. 2013). Stinson alleges no facts from which to plausibly infer that Griffin and Brooks withheld material evidence. (*See* ECF No. 11 at PageID 71 (alleging only "[t]hat the Prosecutors … [committed] [a] [B]rady violation"); *see also id.* at PageID 76 (same).) "Finally, and most importantly, prosecutors have absolute immunity from civil liability for the non-disclosure of exculpatory information at trial." *Koubriti v. Convertino*, 593 F.3d 459, 467-68 (6th Cir. 2010) (citing *Imbler*, 424 U.S. at 431 n. 34). The CAC does not allege facts demonstrating a claim to relief for violation of Stinson's rights under *Brady*.

For these reasons, the CAC alleges no facts that alter the Screening Order's conclusions about the Complaint. The CAC fails to allege facts demonstrating a claim to relief. The CAC (ECF Nos. 11, 27 & 30) is DISMISSED WITH PREJUDICE for failure to state a claim to relief.

### C. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001); *Curley v. Perry*, 246

F.3d 1278, 1284 (10th Cir. 2001). The Court has previously granted leave to amend (*see* ECF No. 10). Leave to amend the CAC (ECF Nos. 11, 27 & 30) is DENIED because doing so would be futile.

### D. APPELLATE ISSUES

A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Rule 24(a) provides that if the District Court permits a party to proceed *in forma pauperis* in that Court, that party may also proceed on appeal *in forma pauperis* without further authorization unless the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id*. It would be inconsistent for a District Court to determine that a complaint should be dismissed before service on the defendants, but finds enough merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also support the conclusion that an appeal by Stinson would not be taken in good faith.

The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Stinson would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Stinson appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

### E. **NOTICE OF STRIKE RECOMMENDATION**

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Stinson's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021); *see also Stinson v. Williams*, No. 22-2576, 2023 WL 146267, at *2 (W.D. Tenn. Jan. 10, 2023) ("Stinson is now a three-strike filer pursuant to 28 U.S.C.§ 1915(g)") (listing prior recommendations of strikes against Stinson under § 1915(g)).

### IV. **THE EXPEDITED RECONSIDERATION MOTION**

Like Stinson's Reconsideration Motion (ECF No. 13), the Expedited Reconsideration Motion (ECF No. 18) alleges that the Screening Order violated: (1) Stinson's right to a jury trial and (2) 28 U.S.C. § 1915(d)[3] (collectively, the "Reconsideration Argument"). (ECF No. 18 at PageID 109-10 & 112-13 (relying on Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) in support); *cf*. ECF No. 13 at PageID 96-99 (same).) On April 3, 2023, the Court (1) reviewed the Reconsideration Motion in accordance with the Abeyance Determination (ECF No. 15) and (2) denied the Reconsideration Motion. (ECF No. 28.) The Expedited Reconsideration Motion is before the Court.

The Expedited Reconsideration Motion attaches: (1) an undated notice from the Internal Revenue Service (the "IRS") that says the IRS "accept[s] [Stinson's] proposal to pay the amount

---

[3] "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d).

13

[Stinson] owe[s] by February 21, 2023." (ECF No. 18-1 ("Exhibit 1") at PageID 114); and (2) the judgment that Judge Fowlkes entered in Stinson's criminal case. (ECF No. 18-1 ("Exhibit 2") at PageID 115-17.) Stinson alleges that: (1) Exhibit 1 is "newly discovered evidence that could not have been discovered in time to move for a new trial" under Fed. R. Civ. P. 60(b)(2). (ECF No. 18 at PageID 111); and (2) Exhibit 2 is "fraud … by an opposing party" under Fed. R. Civ. P. 60(b)(3). Stinson alleges no facts and makes no arguments explaining why Exhibit 1 and Exhibit 2 satisfy the requirements of Rule 60(b)(2)-(3). (*See id*.)

To the extent the Expedited Reconsideration Motion relies on the Reconsideration Argument, the Expedited Reconsideration Motion is DENIED for the reasons explained in the Court's April 3, 2023 Order. (ECF No. 28 at PageID 161-64.)

To the extent the Expedited Reconsideration Motion argues that Exhibit 1 and Exhibit 2 are new evidence warranting reconsideration, Stinson's argument is unpersuasive.

There is no date on Exhibit 1. (ECF No. 18-1 at PageID 114.) Stinson does not allege facts demonstrating: (a) why Exhibit 1 should be construed as "new evidence" that was unavailable to him at his criminal trial or when he filed the Complaint in this case, *see Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); or (b) that Exhibit 1 alters the Screening Order's conclusions. (*See* ECF No. 18 at PageID 111.) The Court cannot speculate about how any IRS tax payment agreement with Stinson (ECF No. 18-1 at PageID 114) supports a § 1983 claim to relief. *See Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) ("[n]either this court nor the district court is required to create [Plaintiff]'s claim for her").

Exhibit 2 is the judgment that Judge Fowlkes entered in Stinson's criminal case on March 1, 2018. (ECF No. 18-1 at PageID 115-17.) Stinson filed the Complaint on October 11, 2022. (ECF No. 1.) Exhibit 2 does not constitute "new evidence" that was unavailable to Stinson when he filed the Complaint. *See Rodriguez*, 89 F. App'x at 959.

14

Exhibit 1 and Exhibit 2 do not support Stinson's request for reconsideration.

The Expedited Reconsideration Motion (ECF No. 18) is DENIED.

## V.     THE PACER FEE MOTION

Stinson seeks "an Order for Pacer Fee Exemption." (ECF No. 19 at PageID 118.) He alleges that "an exemption [from PACER user fees] is necessary to avoid unreasonable burdens and to promote public access to information." (*Id*.) Stinson alleges that he "cannot pay the fees associated with … [the] [PACER] account balance $245.00 due on February 10, 2023." (*Id*.)

PACER is the Public Access To Court Electronic Records service, which provides electronic public access to federal court records. (*See* https://pacer.uscourts.gov/ (last accessed June 8, 2023).) The Judicial Conference of the United States has established fees for access to information in PACER.[4] PACER users are charged ten cents ($0.10) per page to download documents, with a maximum of $3.00 per document. (*Id*.) The usage fee is automatically waived for accessing: (1) judicial opinions; (2) information or documents viewed at a courthouse public access terminal; and (3) one (1) copy of most electronically filed documents in a case in which the user is a party. (*Id*.) Courts may grant fee waivers to indigent persons if "those seeking an exemption have demonstrated that an exemption is necessary to avoid unreasonable burdens and to promote public access to information." 28 U.S.C.A. § 1913. "The Judicial Conference Policy Notes further state that any such exemption should be the exception not the rule." *See James v. City of Omaha*, No. 8:07-CV-121, 2007 WL 1725619, at *1 (D. Neb. June 13, 2007).

The PACER Fee Motion does not demonstrate an unreasonable burden on Stinson. The cost to use PACER is modest. (*See* https://pacer.uscourts.gov/.) Stinson does not show: (1) that

---

[4] *See* https://pacer.uscourts.gov/policy-procedures#:~:text=Fee%20Information&text=All%20registered%20users%20will%20be,a%20%242.40%20per%2Dfile%20charge (last accessed Mar. 9, 2023).

his alleged two hundred and forty-five dollar ($245.00) outstanding PACER balance (the "Balance") is related to this case; (2) how he accrued the Balance; or (3) why he continued to use PACER, if he "is indigent" and cannot pay the Balance. (*See* ECF No. 19 at PageID 118.) Stinson does not allege facts showing that his claims in this case are relevant to the cost of using PACER. *See Falls v. Vernal*, No. 5:19-02311, 2021 WL 5264252, 2021 WL 5264252, at *1 (C.D. Cal. May 6, 2021). Stinson does not argue that the cost of using PACER is prohibitive. Stinson has not demonstrated why PACER's automatic fee exemptions do not accommodate Stinson's alleged needs for PACER access in this case. (*See* https://pacer.uscourts.gov/.)

PACER fee exemptions are the exception, not the rule. *See James*, 2007 WL 1725619 at *1. Stinson has not demonstrated that he is so unreasonably burdened that he qualifies for a PACER fee exemption. The PACER Fee Motion (ECF No. 19) is DENIED.

### VI. CONCLUSION

For the reasons explained above:

A.  The MTA (ECF No. 27) is GRANTED to the extent Stinson seeks to amend the Complaint.

B.  The Consolidated Amended Complaint (ECF Nos. 11, 27 & 30) is DISMISSED WITH PREJUDICE for failure to state a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Leave to amend is DENIED. Stinson's request to serve summons (ECF No. 11 at PageID 74) is DENIED.

C.  The Court recommends that this dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 996 F.3d 350.

D.  The Expedited Reconsideration Motion (ECF No. 18) and the PACER Fee Motion (ECF No. 19) are DENIED.

E.  The Court CERTIFIES that an appeal by Stinson would not be taken in good faith.

F.       The Court DENIES leave to proceed *in forma pauperis* on appeal.

G.       The case is DISMISSED in its entirety.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED, this 9th day of June, 2023.

                                                /s/ *Samuel H. Mays, Jr.*
                                                SAMUEL H. MAYS, JR.
                                                UNITED STATES DISTRICT JUDGE